## INTRODUCTION

We conducted our pre-filing due diligence—over five years of litigation to be exact. And that litigation is ongoing.[1] This long, well-documented, investigation produced a record in this case replete with facts and evidence supporting Plaintiffs' RICO claims. Which is why the Court pointed out in oral argument that the Plaintiffs "couldn't be any more specific" in meeting Rule 9(b)'s heightened pleading requirements.[2] So that raises the Defendants' first problem: Nowhere in the record does the Court state, infer, or conclude that Plaintiffs' suit was filed for an improper purpose, or that Plaintiffs' counsel acted in bad faith.

The Defendants' poorly camouflaged motive in filing their frivolous motion can be reduced to one issue—an acrimonious history of litigation. Except here's their other problem; and it's a big one: That's an improper basis for requesting sanctions. And "a frivolous Rule 11 sanction[s] motion may itself be a violation of Rule 11."[3] Which is precisely why the Court should turn the tables on the Defendants and sanction them for filing a frivolous motion for sanctions.

---

[1] See, e.g., Exhibit "A"

[2] See Exhibit "B"

[3] *See Naegele v. Albers*, 355 F. Supp. 2d 129, 144 2005 U.S. Dist. LEXIS 4, **45 (D.D.C. Jan. 3, 2005).

## LEGAL STANDARDS

**Rule 11**

The purpose of sanctions under Rule 11 is to deter frivolous litigation and filings.[4] Rule 11 requires that when an attorney "present[s] to the court a pleading, written motion, or other paper," such a representation may not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

Rule 11 "imposes on any party who signs a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and the applicable standard is one of reasonableness under the circumstances."[5]

The Court must also consider that Rule 11 sanctions are a "harsh punishment" and what effect the alleged violations may have had on judicial proceedings."[6]

**28 U.S.C. § 1927**

"The power to assess costs on the attorney involved is a power which the courts should exercise only in instances of serious and studied disregard for the orderly process of justice" and sanctions are only awarded where the attorney's behavior has been repeated or singularly egregious."[7] This Circuit "has not established whether the standard [for unreasonable and vexatious conduct] should be 'recklessness' or the more stringent 'bad faith.'"[8] A finding of

---

[4] *See, e.g., LaPrade v. Kidder Peabody & Co., Inc.*, 146 F.3d 899, 903-904, 1998 U.S. App. LEXIS 13353, *13 (D.C. Cir. June 23, 1998).

[5] *See Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.,* 498 U.S. 533, 551, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (February 26, 1991).

[6] *See Cauderlier & Assocs. v. Zambrana*, 463 F. Supp. 2d 63, 64, 2006 U.S. Dist. LEXIS 87370, **3 (D.D.C. Dec. 5, 2006).

[7] *Id*. (Emphasis and internal quotations omitted).
[8] *See LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 905, 1998 U.S. App. LEXIS 13353, **19

subjective bad faith requires "willfulness" or "deliberate intent to harm."[9] "A violation of [section 1927] occurs when a lawyer's [or other person's] conduct goes beyond mere negligence and carelessness and is reckless in light of the circumstances.[10] Bad faith must be supported by clear and convincing evidence.[11]

**Inherent Authority**

The court has inherent authority to punish misbehavior even if a statute or rule is not applicable.[12] Exercising this power requires showing bad faith.[13] The sanction imposed must be no greater than necessary to achieve its purpose, including deterrence of future similar conduct.[14]

---

(D.C. Cir. June 23, 1998) (citing *United States v. Wallace,* 296 U.S. App. D.C. 93, 964 F.2d 1214, 1218-19 (D.C. Cir. 1992); *see also Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 45 n.9 (D.C. Cir. March 23, 1990) (Bad faith required); *Reliance Insurance Co. v. Sweeney Corp.*, 792 F.2d 1137, 1138 (D.C. Cir. April 21, 1986) (Reckless indifference).

[9] *See American Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 221 (D.C. Cir. July 2, 1991).

[10] *See Mims v. BCE, Inc.*, 2009 U.S. Dist. LEXIS 14112, at *6 (D.D.C. Feb. 24, 2009) (Refusing to impose sanctions) (citing *United States v. Wallace*, 964 F.2d 1214, 1219 (D.C. Cir. June 2, 1992)).

[11] *See Ass'n of Amer. Physicians & Surgeons, Inc. v. Clinton*, 187 F.3d 655, 660 (D.C. Cir. August 24, 1999).

[12] *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (U.S. June 6, 1991).

[13] *See United States v. Wallace*, 964 F.2d 1214, 1218-1219, 1992 U.S. App. LEXIS 12144, **12-14 (D.C. Cir. June 2, 1992) (citing cases).

[14] *See Bonds v. District of Columbia*, 93 F.3d 801, 808, 1996 U.S. App. LEXIS 21742, **18-19 (D.C. Cir. Aug. 23, 1996).

# ARGUMENT

I. **Defendants' Motion is Baseless and Frivolous**

   A. *Plaintiffs' Refusal to "remove a claim" from their complaint is not a valid basis for Rule 11 sanctions*.

"Rule 11 sanctions only attach on the basis of an inadequate pre-filing investigation."[15] Ignoring that well-settled rule, Defendants argue that Plaintiffs and their counsel should be sanctioned for refusing to "remove the [RICO] claims" through "three different iterations of their complaint.[16] That argument is meritless. "Rule 11 does not authorize the sanctioning of counsel for his post-filing refusal to amend or withdraw filings …."[17]

Noticeably absent from the Defendants' motion is any evidence suggesting a failure to conduct an inadequate pre-filing inquiry into the legal or factual basis for Plaintiffs' claims.[18] Defendants offer only conclusory arguments that Plaintiffs' RICO claims were "not warranted by existing law," were "without evidentiary support," and were "knowingly groundless."[19] Defendants have neither identified any factual allegations in the complaint that could be deemed patently baseless, nor demonstrated how several years of investigation from prior litigation was unreasonable or inadequate. Defendants' conclusory contentions are insufficient for imposing

---

[15] *See, e.g., Williams v. Verizon Wash., D.C. Inc.*, 322 F.R.D. 145, 149, 2017 U.S. Dist. LEXIS 141488, **10 (D.D.C. Aug. 31, 2017).

[16] See Doc. 32 at pp. 1, 7

[17] *See Williams, supra* n. 15 at 149; *see also Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 44, 1990 U.S. App. LEXIS 4153, **9 (D.C. Cir. Mar. 23, 1990) ( (Finding Rule 11 authorizes sanctions for unreasonable filings, not failing to withdraw or to amend a pleading).

[18] *See, e.g., Del Canto v IT Sheraton Corp.,* 865 F. Supp. 934, 938, 1994 U.S. Dist. LEXIS 20785, **9 (D.C. Cir. Oct. 21, 1994) (Upholding sanctions award for filing defamation suit without any investigation into whether defamatory statements were ever made).

[19] See Doc. 32-1 at p. 7

the "extreme punishment" of Rule 11 sanctions.[20]

Furthermore, nowhere does the Court characterize, or even infer, Plaintiffs' complaint was: (1) filed for an improper purpose; (2) unwarranted by existing law; (3) lacking in evidentiary support; or (4) "ill-conceived and a waste of this Court's time and resources."[21] Only the Defendants go there—in summary fashion—by falsely representing that the Court found Plaintiffs' claims "frivolous" and "baseless."[22]

Defendants have also apparently acquired the power to affirmatively know the past. An attorney may be sanctioned when he knew or "should have known that his client's cause was without merit *when the action commenced*."[23] But the Defendants don't even bother to show how Plaintiffs or their counsel knew, or should have known, that their claims lacked merit when the complaint was filed. The Defendants' subjective guesswork as to the Plaintiffs'' state of mind is insufficient for imposing sanctions.

---

[20] *See Brown v. FBI*, 873 F. Supp. 2d 388, 408 (D.D.C. 2012) (quoting *Wasserman v. Rodacker*, 2007 U.S. Dist. LEXIS 51873, *7 (D.D.C. July 18, 2007)).

[21] *See Johnson v. Paragon Sys.*, 272 F. Supp. 3d 1, 5, 2017 U.S. Dist. LEXIS 159067, **11 (D.D.C. Sept. 27, 2017).

[22] See Doc. 32-1 at p. 1

[23] *See Hilton*, *supra* n. 17 at 45 (emphasis in original).

B. ***Pleading deficiencies are also an improper basis for Rule 11 sanctions***

Sanctions are inappropriate for mere pleading defects.[24] But that's precisely the basis of Defendants' motion. In their safe harbor notice,[25] Defendants repeatedly argue:

- "fail to plead" (8 times)
- "particularity" (11 times)
- "fail to state" (2 times)
- "fail to allege" (2 times)
- "not clear"
- "deficient"
- "devoid of particularity"
- "glaring deficiencies … [that are] egregiously pleaded … without any specificity."

Then, relying on the Court's July 12, 2018 Order, Defendants again argue sanctions are warranted because Plaintiffs' RICO allegations are insufficiently pled:[26]

- "fatally deficient"
- "do not plead two essential elements"
- "fail to allege" (2 times)
- "fatal flaw"

---

[24] *See Dove v. Wash. Metro. Area Transit Auth.*, 2005 U.S. Dist. LEXIS 17955, *12 (D.D.C. Aug. 18, 2005) (Denying two motions for sanctions because "[d]eficiencies in [the] complaint … does not warrant the extreme punishment of Rule 11 sanctions.") (Citations omitted); *see also Cheeks of N. Am., Inc. v. Fort Myer Constr. Corp.*, 807 F. Supp. 2d 77, 99, 2011 U.S. Dist. LEXIS 90877, *62 (D.D.C. Aug. 16, 2011) ("A complaint does not merit sanctions under Rule 11 simply because it merits dismissal pursuant to Rule 12(b)(6)") (citation omitted).

[25] See Doc. 12-2 at p. 15

[26] See Doc. 32-1 at p. 6

But the Defendants ignore the mountain of facts and evidence supporting Plaintiffs' RICO allegations. During oral argument, the Court even pointed out to Mr. Ross his frivolous arguments of no due diligence or meeting Rule 9(b)'s heightened pleading standard:

> MR. ROSS: … we certainly don't have exercise of due diligence, and we don't have the pled -- particular pled with specificity as required under Rule 9(b) in order to have fraud, fraudulent concealment.
>
> THE COURT: Well, that's not true, is it? They couldn't be any more specific. They've pointed to what the fraudulent statement is and when it was filed. In terms of needing 9(b), they've certainly satisfied the specificity of the fraud, wouldn't you agree?
>
> MR. ROSS: The problem with that is, that's the allegation upon which their underlying cause of action is pled.
>
> THE COURT: No, I understand, but in terms of a pleading issue, the heightened pleading standard for fraud. I mean, they've certainly pled enough specifics to meet the pleading standard … the level of specificity is there; right? How could it be any more specific? They've identified precisely what the false statement is, when it was filed, and how it was executed upon.[27]

If "we certainly don't have exercise of due diligence" then Plaintiffs wouldn't have been able to plead the level of specificity required to satisfy Rule 9(b). Defendants don't even attempt to reconcile these competing interests. And the Defendants fail to explain why, and Plaintiffs cannot perceive how, any purported imprecision in pleading is objectively unreasonable warranting sanctions.[28]

This Court has rejected similar attempts to abuse Rule 11 for alleged pleading deficiencies. In *Dove v. Wash. Metro. Area Transit Auth.*,[29] the defendants argued—like the

---

[27] See Exhibit "B"

[28] *See Bus. Guides, Inc. v. Chromatic Communications Enterprises*, 498 U.S. 533, 554, 112 L. Ed. 2d 1140, 111 S. Ct. 922, 1991 U.S. LEXIS 1297, **43-44 (U.S. Feb. 26, 1991).

[29] *See Dove*, *supra* n. 24 at *12 ("Deficiencies in [the] complaint … does not warrant the extreme

Defendants here—that the Plaintiff's complaint was so "riddled with deficiencies" that Rule 11 sanctions were warranted.[30] That argument wholly failed because Judge Kollar-Kotelly held Rule 11 requires more than even an "ill-founded" complaint.[31]

### C. *Pleading deficiencies are also an improper basis for requesting Section 1927 sanctions*

The circumstances here also provide no basis to infer either recklessness or bad faith, much less a clear showing of either.[32] Once again, Defendants claim sanctions are warranted because Plaintiffs "refused to withdraw [their] RICO claims."[33] Defendants continue their conclusory arguments that Plaintiffs' RICO claims "needlessly increased the cost of this litigation, were not warranted by existing law, and were based on factual contentions without pleaded evidentiary support."[34] Defendants fail to explain how such generic arguments are clear and convincing evidence of subjective bad faith.[35]

---

punishment of Rule 11 sanctions. [A] consideration of Rule 11 sanctions involves more than an inquiry into the objective merits of a complaint.") (citations omitted).

[30] *Id*. at *11

[31] *Id*.

[32] *See Alexander v. F.B.I.*, 541 F. Supp. 2d 274, 302-303, 2008 U.S. Dist. LEXIS 27153, *88-89 (D.D.C. Apr. 3, 2008) ("Section 1927 requires a 'clear showing' that the responsible individual acted unreasonably and vexatiously before a sanction may be assessed," and "the courts are unanimous that unintended, inadvertent, or even negligent conduct will not support an assessment of fees and costs under Section 1927 ….") (citations omitted).

[33] See Doc. 32-1 at p. 9

[34] *Id*.

[35] *See Association of Am. Physicians & Surgeons, Inc. v. Clinton*, 187 F.3d 655, 660, 1999 U.S. App. LEXIS 20028, **15 (D.C. Cir. Aug. 24, 1999) (citing *Shepherd v. ABC*, 62 F.3d 1469, 1476-1478, 1995 U.S. App. LEXIS 24127, **13 (D.C. Cir. Aug. 25, 1995)); *United States v. Wallace*, 964 F.2d 1214, 1211218-1219, 1992 U.S. App. LEXIS 12144, **13 (D.C. Cir. June 2, 1992) (citing cases).

Counsels' bitter references to other matters are equally irrelevant. **First**, counsel openly acknowledges no RICO claims were filed in *Griffith*.[36] **Second**, counsel fails to explain how the truthful description of Weinstock as a "notorious" debt collector establishes the Plaintiffs' claims here are meritless. Counsel also conveniently ignore the D.C. Court of Appeals' decision in *Griffith* confirming Defendants never had the right to sue Griffith.

**Third**, it is unclear how Weinstock being "caught plagiarizing" briefs from other *unaffiliated* attorneys and law firms justifies sanctions against Plaintiffs.[37] Courts have repeatedly and appropriately labeled lawyers' plagiarism in court filings—like Weinstock's filings—as "reprehensible [and] intolerable,"[38] "completely unacceptable,"[39] and "unprofessional."[40] Furthermore, Weinstock's unethical conduct under D.C. R. Prof. Conduct 8.4(c) (dishonesty, fraud, deceit, or misrepresentation) is a mandatory reporting requirement, and patently reflects

---

[36] See Doc. 32-1 at p. 10

[37] See Exhibit "C"

[38] *See Velez v. Alvarado*, 145 F. Supp. 2d 146, 160 (D.P.R. 2001); *see also DeWilde v. Guy Gannett Publ'g Co.*, 797 F. Supp. 55, 56 n.1 (D. Me. 1992) ("Plagiarism is unacceptable in any grammar school, college, or law school, and even in politics. It is wholly intolerable in the practice of law."); *Iowa Supreme Court Bd. of Prof'l Ethics & Conduct v. Lane*, 642 N.W.2d 296, 300 (Iowa 2002) ("Plagiarism itself is unethical.").

[39] *See United States v. Bowen*, 194 F. App'x 393, 402 n.3 (6th Cir. 2006) (branding a lawyer's act of copying verbatim nearly 20 pages of a district court decision "outright plagiarism" and "completely unacceptable").

[40] *See Hall v. United States*, No. 1:08-CV-482, 2008 WL 2696832 (W.D. Mich. July 1, 2008); *see also State Farm Fire & Cas. Co. v. Harris*, 2012 WL 896253, at *1 n.3 (E.D. Ky. Mar. 15, 2012) (noting that plaintiff's argument was "completely unacceptable" because all but six sentences—out of seven pages—were lifted without attribution from a court opinion)); *Venesevich v. Leonard*, 2008 WL 5340162, at *2 n.2 (M.D. Pa. Dec. 19, 2008) (noting that attorney plagiarism is "unacceptable behavior").

adversely on their competency to practice law.[41]

## CONCLUSION

The Defendants' vexatious conduct is itself sanctionable.[42] Defendants' casual use of Rule 11 as a litigation tactic is utterly improper. The Court should have no qualms in legal conscience bringing their motion to a prompt and fruitless end. Plaintiffs request that the Defendants be sanctioned *sua sponte* for the fees incurred by Plaintiffs in defending their meritless motion.

DATED:  August 9, 2018                                   Respectfully submitted,

*Dean Gregory*

Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1717 K Street NW,  Suite 900
Washington, DC 20006
Telephone: (202) 905-8058
Facsimile: (202) 900-8780
E-mail: dean@deangregory.com

ATTORNEY FOR QUICK AND DAVIS

---

[41] See R. Prof. Conduct 1.1(a) ("Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.").

[42] *See Trout v. Garrett*, 780 F. Supp. 1396, 1429, 1991 U.S. Dist. LEXIS 18923, **6-7 (D.D.C. Nov. 27, 1991) ("… where the line between creative and vigorous representation, on the one hand, and frivolousness and harassment, on the other, is crossed as in this instance, neither this Court nor any court can turn its eye.") (citing *Westmoreland v. CBS*, 770 F.2d 1168, 1180, 1985 U.S. App. LEXIS 21281, **35 (D.C. Cir. Aug. 20, 1985); *see also Shepherd v. ABC*, 62 F.3d 1469, 14789, 1995 U.S. App. LEXIS 24127, **21 (D.C. Cir. Aug. 25, 1991) (sanctions may be imposed *sua sponte* when there is clear and convincing evidence to "guard against abuses of the judicial process.").

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2018 I caused a copy of the foregoing *Opposition to Motion for Sanctions* to be served via CM/ECF on the following counsel:

Mr. David M. Ross, Esquire
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
700 11th Street, NW
Suite 400
Washington, DC 20001

*Attorney for Defendant Weinstock, Friedman & Friedman, P.A.*

Mr. Jack D. Lapidus, Esquire
**MACLEAY, LYNCH, & LAPIDUS, P.C.**
6016 MacArthur Boulevard
Suite 110
Bethesda, MD 20816

*Attorney for Defendant EduCap, Inc.*

*Dean Gregory*
Dean Gregory