UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                          |   |                            |
|--------------------------|---|----------------------------|
| **DEWAINE QUICK, et al.,** | ) |                            |
|                          | ) |                            |
| Plaintiffs,              | ) |                            |
|                          | ) |                            |
| v.                       | ) | Case No. 17-cv-01242 (APM) |
|                          | ) |                            |
| **EDUCAP, INC., et al.,**  | ) |                            |
|                          | ) |                            |
| Defendants.              | ) |                            |

## MEMORANDUM OPINION AND ORDER

I.

On July 12, 2018, the court dismissed this action against all Defendants. *See generally Quick v. EduCap, Inc.*, 318 F. Supp. 3d 121 (D.D.C. 2018). Among the dismissed counts were two brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The court dismissed the RICO claims for a host of reasons, including: (1) the *Rooker-Feldman* doctrine divested this court of subject-matter jurisdiction, *see id.* at 133–34; (2) as pleaded, Plaintiffs Dewaine Quick and Lynn Davis lacked standing to press any claim against Defendant HSBC Bank USA, N.A., *see id.* at 136–38; (3) Plaintiff Quick lacked standing to advance the RICO claims because he alleged no injury to business or property, *see id.* at 138; and (4) the RICO counts did not state plausible causes of action, *see id.* at 141–43. Now, two Defendants—Weinstock, Freidman & Friedman and Educap, Inc.—ask the court to sanction Plaintiffs and their counsel under Rule 11(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. *See* Defs.' Mot. for Sanctions Pursuant to Rule 11 & 28 U.S.C. § 1927, ECF No. 32 [hereinafter Defs.' Mot.]; Defs.' Mem. of P&A in Support of Defs.' Mot. for Sanctions, ECF No. 32-1 [hereinafter Defs.'

Mem.]. They argue that the RICO claims were presented "for an improper purpose, were unwarranted by existing law and frivolous, and lacked evidentiary support." Defs.' Mem. at 1. Defendants also argue that by persisting in the RICO claims despite their obvious flaws Plaintiffs and their counsel multiplied the proceedings in an unreasonable and vexatious manner. *See id.* at 10.

For the reasons that follow, the court declines to impose the requested sanctions.

II.

Before addressing the merits, the court narrows the basis on which it considers the request for sanctions. As noted, the court dismissed the RICO claims for a host of reasons. However, when movants presented their Rule 11(c)(2) "safe harbor" notice to Plaintiffs, the sole basis on which they demanded voluntary dismissal of the RICO claims was that "Plaintiffs fail to meet the high threshold required to state a viable RICO claim—there are no allegations to support several elements of the claims, and several key contentions are made without any support." Defs.' Mot., Exs., ECF No. 32-2 [hereinafter Defs.' Exs.], at 11.[1] In other words, Defendants urged Plaintiffs to withdraw their RICO claims for reasons that would warrant dismissal under Rule 12(b)(6) for failure to state a claim. They did not demand dismissal on jurisdictional grounds, such as the *Rooker-Feldman* doctrine or lack of standing. The court's sanctions inquiry therefore will focus only on whether sanctions are warranted for filing insufficiently pleaded RICO claims under Rule 12(b)(6).[2]

When viewed through that narrowed lens, sanctions are not warranted here. "A complaint does not merit sanctions under Rule 11 simply because it merits dismissal pursuant to Rule

---

[1] When citing to Defendants' exhibits, the court uses the page numbers generated by CM/ECF.

[2] In a separate "safe harbor" notice, Defendant HSBC did raise jurisdictional issues under Rule 12(b)(1), including *Rooker-Feldman* and standing, *see* Defs.' Exs. at 30–31, 60–61, but HSBC has not asked for sanctions. In the court's

2

12(b)(6)." *Cheeks of N. Am., Inc. v. Fort Myer Const. Corp.*, 807 F. Supp. 2d 77, 99 (D.D.C. 2011) (quoting *Tahfs v. Proctor*, 316 F.3d 584, 595 (6th Cir. 2003)). The court agrees with the Sixth Circuit's admonition in *Tahfs*:

> As a general proposition, a district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when the suit is dismissed pursuant to Rule 12(b)(6) and there is nothing before the court, save the bare allegations of the complaint. . . . At the pleading stage in the litigation, ordinarily there is little or no evidence before the court at all, and such facts as are alleged, must be interpreted in favor of the nonmovant. While a party is bound by Rule 11 to refrain from filing a complaint "for any improper purpose," from making claims "[un]warranted by existing law," or from making "allegations and other factual contentions [without] evidentiary support," *see* Fed. R. Civ. P. 11(b)(1)-(3), making those determinations is difficult when there is nothing before the court except the challenged complaint.

*Tahfs*, 316 F.3d at 594. The court in *Tahfs* added that, although courts must be vigilant to identify baseless allegations, Rule 11 "'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" *Id.* at 595 (quoting *McGhee v. Sanilac County*, 934 F.2d 89, 92 (6th Cir. 1991) (citing Fed. R. Civ. P. 11 advisory committee's note)).

In this case, while the court ultimately found that Plaintiffs had failed to plead sufficient facts to sustain their RICO claims, the court cannot conclude that the claims were frivolous or unwarranted under existing law. *See* Fed. R. Civ. P. 11(b)(2). The court found two grounds on which to dismiss the RICO claims under Rule 12(b)(6). First, the court held that Plaintiffs' pleading of fraud in connection with litigation activities did not constitute racketeering activity.

---

view, it would be inconsistent with the purpose of Rule 11's "safe harbor" provision to consider sanctions against Plaintiffs on grounds that the Defendants seeking sanctions themselves did not raise in their notice. *See* Wright & Miller, Procedural Aspects of Rule 11 Motions—The Safe Harbor Provision, 5A Fed. Prac. & Proc. Civ. § 1337.2 (3d ed.) ("The general purposes of the safe harbor provision include protecting litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effect, formalizing procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encouraging the withdrawal of papers that violate the rule without involving the district court, thereby avoiding sanction proceedings whenever possible and streamlining the litigation process.").

*See Quick*, 318 F. Supp. 3d at 141–42. That ruling, however, was based on several district court decisions, not on any binding precedent. *See id.* Therefore, no "existing law" squarely foreclosed Plaintiffs' claims. *Cf. Burns v. George Basilikas Tr.*, 599 F.3d 673, 677 (D.C. Cir. 2010) (reversing imposition of sanctions where no circuit authority foreclosed the party's position and there existed a favorable unpublished district court case). Second, the court ruled that Plaintiffs had not pleaded sufficient facts to establish a plausible RICO "enterprise." *See Quick*, 318 F. Supp. 3d at 142–43. The court's dismissal on that ground was far from extraordinary, however, as dismissals for failure to plead a RICO enterprise are not uncommon. *See, e.g. Brink v. Continental Ins. Co.*, 787 F.3d 1120, 1127 (D.C. Cir. 2015) (affirming dismissal for failure to "allege any facts establishing required elements of a RICO enterprise"). Thus, the court cannot find that Plaintiffs' pleading of their RICO claims was so unreasonable as to warrant sanctions.

For related reasons, the court does not find that Plaintiffs or their counsel brought the RICO claims for an "improper purpose" or that the claims' limited factual contentions lacked "evidentiary support." Fed. R. Civ. P. 11(b)(1), (3). With no more than the complaint itself to evaluate motive and pre-filing diligence, the court lacks a sufficient evidentiary basis from which to take the serious step of imposing sanctions. For that same reason, the court rejects Defendants' request for sanctions under 28 U.S.C. § 1927. *See United States v. Wallace*, 964 F.2d 1214, 1217 (D.C. Cir. 1992) (holding that a lawyer's conduct must at least be "reckless" before imposing sanctions under 28 U.S.C. § 1927).

III.

Before concluding, the court cannot leave unaddressed Plaintiffs' counsel's responses to HSBC's "safe harbor" notices. Among other things, Plaintiff's counsel chastised HSBC's counsel for being "legends in their own mind," Defs.' Exs. at 35; accused them of "want[ing] to rack up

4

those billable hours," *id.* at 38; and sarcastically suggested that the sanctions motion was drafted "deep within the bowels of one of your nine office locations by an associate eager to escape another soul-deadening document review for a brief taste the adversarial process," *id.* at 35. And, if that were not enough, there is this ugly flourish: "Your baseless accusations would be bizarre but for the fact that the insurance company is paying for your fee churning—seemingly without monitoring. Apparently, sleaze, like rust, never sleeps." *Id.* at 68.

Such rhetoric is not simply discourteous, it is unprofessional and unbecoming of a member of this bar. The court will not tolerate it. Should Plaintiffs' counsel appear before this court again, and should he dare to treat opposing counsel in a similar fashion, he will not escape unscathed as he has this time around.

IV.

For the foregoing reasons, Defendants' Motion for Sanctions is denied.

Dated: January 3, 2019

Amit P. Mehta
United States District Judge